UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ZAEEM AHMED SIDDIQUI, SHIREEN
SIDDIQUI ARAIN and HASSAN AHMED
SIDDIQUI,

    Plaintiffs,

v.                                      Case No: 6:17-cv-289-Orl-40TBS

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY, DIRECTOR,
CITIZENSHIP AND IMMIGRATION
SERVICES, DISTRICT DIRECTOR,
CITIZENSHIP AND IMMIGRATION
SERVICES, ORLANDO, FLORIDA,
FIELD OFFICE DIRECTOR,
CITIZENSHIP AND IMMIGRATION
SERVICES, U.S. ATTORNEY GENERAL,
DIRECTOR, FEDERAL BUREAU OF
INVESTIGATIONS and FIELD
ADJUDICATION OFFICER,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is the parties' Joint Motion to Remand (Doc 31). Upon due consideration, I respectfully recommend that the motion be **GRANTED**.

### Background

On May 27, 2016, Plaintiffs submitted Form N-400 applications for naturalization to the United States Citizenship and Immigration Services ("USCIS") (Doc. 1 at 1). Plaintiffs allege that they were interviewed on September 13, 2016 (Id.). As their applications remained pending, Plaintiffs filed suit on February 17, 2016, asking the Court to take jurisdiction over their applications and render its own determination, under 8 U.S.C. § 1447(b) (Doc.1).

After suit was filed, Defendants' counsel engaged in several discussions with Plaintiffs' counsel about the reasons for USCIS's alleged inaction and about how USCIS may resolve the parties' impasse. The parties have worked out a tentative arrangement wherein upon remand to USCIS one of the Plaintiffs' applications will be withdrawn and USCIS will adjudicate the remaining applications. The parties jointly move for an order remanding the case to USCIS, with instructions to adjudicate Plaintiffs' Form N-400 applications–with the exception of any Form N-400 applications that a Plaintiff withdraws– within 120 days of any remand. Alternatively, the parties request a thirty-day extension of time (until June 29, 2017), for Defendants to respond to Plaintiffs' complaint.

## Discussion

According to Section 1447(b):

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C § 1447(b). Although the Court has jurisdiction over the applications, the parties contend that remand is appropriate, and I agree. See INS v. Ventura, 537 U.S. 12, 16-17, 123 S. Ct. 353, 154 L.Ed 2d 272 (2002) ("Generally speaking, a court ... should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context."); Negusie v. Holder, 555 U.S. 511, 129 S. Ct. 1159, 1160, 173 L. Ed. 2d 20 (2009) ("When the BIA has not spoken on 'a matter that statutes place primarily in agency hands,' this Court's ordinary rule is to remand to allow 'the BIA ... to address the matter in the first instance in light of

its own experience.'") (internal citation omitted); Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1236 (11th Cir. 2007) ("[W]hen the IJ or BIA has not made findings of fact or has not applied the law to those facts, appellate courts should remand to allow the IJ to make such determinations in the first instance."). The matter of Plaintiffs' applications is best handled first by the USCIS. Then, if judicial action is still required, the parties can return to this Court. Because I find that the remand the parties seek is appropriate, the request for an extension of time in which to answer is moot.

## Recommendation

Upon consideration of the foregoing, I respectfully recommend that the motion be **GRANTED** as follows:

(1) This case be remanded to the USCIS with instructions to adjudicate Plaintiffs' Form N-400 applications–with the exception of any Form N-400 applications that a Plaintiff withdraws– **within 120 days of any remand**.

(2) Within 120 days of any remand, the parties will file either a joint stipulation of dismissal–once USCIS adjudicates the then-pending Form N-400 applications–or a joint motion for the Court to re-open the case and enter a scheduling order.

(3) The case be administratively closed, pending the filing of either the joint stipulation of dismissal or the joint motion to re-open the case.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 1, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties